JAN 29 2014

AUSAO#2013R00018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. MJG-14-045 |
| v. | * (Wire Fraud, 18 U.S.C. § 1343; False |
| | * Statements to Obtain Federal Employee's |
| COLETTE S. LEE, | * Compensation, 18 U.S.C. § 1920; False |
| | * Statements, 18 U.S.C. § 1001; Aiding & |
| Defendant | * Abetting, 18 U.S.C. § 2) |
| | * |
| | * FILED UNDER SEAL |
| | * |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
### (Wire Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment,

1.  Defendant **COLETTE S. LEE ("LEE")** was a resident of Baltimore, Maryland and was employed by the United States Postal Service ("Postal Service") working in Linthicum, Maryland.

2.  **LEE** started working for the Postal Service on or about June 28, 2003. In connection with her application for employment, Lee submitted a Medical History Questionnaire on or about June 19, 2003 which included questions regarding **LEE's** prior medical history. Prior to **LEE's** employment with the Postal Service, **LEE** submitted insurance claims for injuries from motor vehicle accidents on at least eight (8) different occasions in 1996, 1998, 2002, 2003, and 2005, that she failed to disclose on her Medical History Questionnaire.

1

3. On or about May 17, 2007, **LEE** submitted a claim for workers' compensation payments, pursuant to the Federal Employees' Compensation Act ("FECA"), for injuries she alleged she sustained while employed by the Postal Service.

4. On or about February 24, 2008, **LEE** submitted a claim for workers' compensation payments, pursuant to FECA, for injuries she alleged she sustained while employed by the Postal Service.

5. On or about August 18, 2009, **LEE** submitted a second claim for workers' compensation payments, pursuant to FECA, for injuries she alleged she sustained while employed by the Postal Service.

6. On or about October 5, 2009, **LEE** submitted a third claim for workers' compensation payments, pursuant to FECA, for injuries she alleged she sustained while employed by the Postal Service.

## The Victim Government Agencies

7. The Office of Workers' Compensation Programs ("OWCP"), U.S. Department of Labor ("Labor Department"), administers benefits program under FECA. Employees of the Postal Service who are disabled due to an occupational injury are eligible to receive compensation benefits under this Act. FECA benefits are paid with monies of the Postal Service.

8. The Labor Department has sole authority to determine if a claimant was entitled to FECA benefits. In this regard, the Labor Department requires claimants to be evaluated by medical professionals regarding the extent and possible treatment of injuries. These medical professionals include treating physicians who may refer claimants to other physicians or physical therapy facilities for further evaluation and treatment. Assessments by the treating physicians

2

and other medical professionals as to whether the claimant can return to work in a full or limited capacity are also used by the Postal Service in determining whether the claimant can return to her original position or a position with more limited duties or cannot return to work at all.

9. From approximately July 2, 2007 through January 24, 2014, **LEE** received approximately $237,343.65 in FECA benefits.

## The Scheme to Defraud

10. Beginning from at least on or about June 19, 2003, and continuing to until on or about January 24, 2014, in the District of Maryland, **LEE** devised and intended to devise a scheme and artifice to defraud and obtain money and property from the Labor Department and the Postal Service.

11. It was part of the scheme to defraud that **LEE** failed to disclose on her Medical History Questionnaire submitted on or about June 19, 2003 relevant parts of her medical history, including that that she had an active injury claim, had been previously treated in the emergency room, had been in physical therapy programs, and had CT scans.

12. It was part of the scheme and artifice to defraud that **LEE**, failed to disclose to medical professionals charged with evaluating her injury and potential treatment and assessing her possible return to work that **LEE** had a prior medical history that included injuries from at least eight (8) motor vehicle accidents that pre-dated her claims for FECA benefits. **LEE** was also involved in a motor vehicle accident not related to her Postal Service employment in September 2009 after she submitted claims for FECA benefits.

13. It was further part of the scheme and artifice to defraud that **LEE** lied and made material false statements on government forms for FECA benefits.

14. It was further part of the scheme and artifice to defraud that **LEE** profited by the scheme to defraud by causing interstate wire transfers of federal monies representing FECA benefits to her personal bank account.

### The Charge

15. Beginning from at least on or about May 17, 2007, and continuing through on or about January 24, 2014, in the District of Maryland, the defendant,

### COLETTE S. LEE,

for the purpose of executing and attempting to execute the scheme to defraud, and to obtain money or property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communications in interstate commerce, any writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice to defraud; that is, **LEE** caused wire transfers for FECA benefits to be wired from the **FEDERAL RESERVE BANK, 90 HENNEPIN AVENUE, MINNEAPOLIS, MN 55401** to **LEE's bank** account at **BANK OF AMERICA, N.A. ARUNDEL MILLS 7045 ARUNDEL MILLS BLVD., HANOVER, MD 21076.**

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNTS TWO THROUGH EIGHT
### (False Statements to Obtain Federal Employee's Compensation)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 14 of Count One of the Indictment are incorporated by reference here.

2. On or about the dates shown below, in the District of Maryland, the defendant,

**COLETTE S. LEE,**

knowingly and willfully falsified, concealed, and covered up a material fact, and made a false false, fictitious, and fraudulent statement and representation, in connection with the application for or receipt of compensation or other benefit or payment under subchapter I or III of chapter 81 of Title 5, that is, **LEE** did not disclose to the following medical professionals charged with evaluating **LEE's** injury and potential treatment and assessing her possible return to work, the following material facts:

| Count | Approximate Date of False Statement | Material Fact Not Disclosed to Medical Professional |
|---|---|---|
| Two | October 16, 2009 | LEE failed to disclose to Maryland Orthopedics that she had been admitted to the University of Maryland Medical Center Emergency Room on September 22, 2009 for injuries stemming from a motor vehicle accident not related to her employment with the Postal Service. |
| Three | December 9, 2009 | LEE failed to disclose to Dr. Stuart J. Gordon her pre-existing injuries from at least nine (9) prior motor vehicle accidents including an accident on September 22, 2009. |
| Four | November 10, 2010 | LEE failed to disclose to Dr. Stuart J. Gordon her pre-existing injuries from at least nine (9) prior motor vehicle accidents including an accident on September 22, 2009. |

5

| | | |
|---|---|---|
| Five | June 27, 2011 | **LEE** failed to disclose to Dr. Stuart J. Gordon her pre-existing injuries from at least nine (9) prior motor vehicle accidents including an accident on September 22, 2009 . |
| Six | September 27, 2011 | **LEE** failed to disclose to Rehab at Work, Pikesville, Maryland her pre-existing injuries from at least nine (9) prior motor vehicle accidents. |
| Seven | October 7, 2011 | **LEE** failed to disclose to Rehab at Work, Pikesville, Maryland, her pre-existing injuries from at least nine (9) prior motor vehicle accidents including an accident on September 22, 2009. |
| Eight | March 27, 2013 | **LEE** failed to disclose to Dr. Stuart J. Gordon her pre-existing injuries from at least nine (9) prior motor vehicle accidents including an accident on September 22, 2009. |

18 U.S.C. § 1920
18 U.S.C. § 2

## COUNT NINE
### (False Statements to Obtain Federal Employee's Compensation)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 14 of Count One of the Indictment are incorporated by reference here.

2. On or about August 23, 2012, in the District of Maryland, the defendant,

**COLETTE S. LEE,**

knowingly and willfully falsified, concealed, and covered up a material fact, and made a false false, fictitious, and fraudulent statement and representation, in connection with the application for and receipt of compensation and other benefit and payment under subchapter I or III of chapter 81 of Title 5, that is, **LEE** made material false statements during an interview with former Assistant Special Agent in Charge David Stelzer of the United States Postal Service, Office of Inspector General, about her inability to use her right hand and she denied prior injuries when in fact, as she knew, **LEE** was able to use her right hand and she had prior injuries that she did not disclose.

18 U.S.C. § 1920
18 U.S.C. § 2

## COUNTS TEN THROUGH TWELVE
### (False Statements to the Department of Agriculture)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 14 of Count One of the Indictment are incorporated by reference here.

2. On or about the dates set forth below, in the District of Maryland, the defendant,

**COLETTE S. LEE,**

did, in a matter within the jurisdiction of the Department of Agriculture, an agency of the executive branch of the government of the United States, knowingly and willfully falsify, conceal and cover up by trick, scheme and device a material fact, that is, **LEE** failed to disclose that she was receiving FECA benefits during the course of applying for benefits under the Food Supplement Program (FSP) and Medical Assistance (MA) program.

| Count | Approximate Date of False Statement |
|---|---|
| Ten | February 23, 2010 |
| Eleven | September 19, 2011 |
| Twelve | October 10, 2012 |

18 U.S.C. § 1001(a)(1)
18 U.S.C. § 2

8

## COUNT THIRTEEN
## (False Statement to the Department of Agriculture)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 14 of Count One of the Indictment are incorporated by reference here.

2. On or about April 26, 2012, in the District of Maryland, the defendant,

**COLETTE S. LEE,**

did, in a matter within the jurisdiction of the Department of Agriculture, an agency of the executive branch of the government of the United States, knowingly and willfully falsify, conceal and cover up by trick, scheme and device a material fact, that is, **LEE** failed to disclose she was receiving FECA benefits.


18 U.S.C. § 1001(a)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

1.  As a result of the offenses alleged in Counts One, and Ten through Thirteen of this Indictment, the defendant,

**COLETTE S. LEE,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1001 and 18 U.S.C. § 1343, including but not limited to $244,912.65 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which was involved in the aforementioned violations, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and (D).

2.  If any of the property described in the preceding paragraph as being subject to forfeiture, as a result of any act or omission of any defendant --

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or,
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property, that is, $244,912.65.

28 U.S.C. § 2461(c)
18 U.S.C. § 981(a)(1)(C)

*Rod Rosenstein* /AM
_____
Rod J. Rosenstein
United States Attorney

**SIGNATURE REDACTED**
_____
Foreperson

Date: January 27, 2014

10