IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. MJG-14-0045 |
| COLETTE LEE | * | |

\* \* \* \* \* \* \* \* \* \*

### MOTION TO DISMISS PARTS OF COUNT ONE CHARGING CONDUCT THAT OCCURRED PRIOR TO THE STATUTE OF LIMITATIONS PERIOD

The Defendant, Colette Lee, through her attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Gary Christopher, First Assistant Federal Public Defender, respectfully moves pursuant to Federal Rule of Criminal Procedure 12(b) for the order of this Court dismissing those parts of Count One that occurred prior to January 29, 2009, the commencement of the Statute of Limitations period.  Ms. Lee contends that certain alleged unlawful conduct occurring prior to January 29, 2009, though grouped within Count One with other alleged unlawful conduct, were in fact, as alleged, discrete acts "committed" prior to the limitations date.

I.   **INTRODUCTION AND STATEMENT OF FACTS**.

Defendant was charged by Indictment on January 29, 2014, with Wire Fraud in violation of 18 U.S.C. § 1343, False Statements to Obtain Federal Employee's Compensation, in violation of 18 U.S.C. § 1920, and related counts.  The Indictment is attached hereto as Defendant's Exhibit One on this Motion.  On March 7, 2014, she was arraigned and pleaded not guilty.

Ms. Lee began working for the United States Post Office on or about June 28, 2003.  Count One, charging wire fraud, alleges in substance that Ms. Lee undertook to defraud the federal government by submitting a false claim for workers' compensation pursuant to the Federal Employees' Compensation Act ("FECA"), well knowing that she had not been injured in

the course of her employment.  She allegedly attempted to advance this scheme to defraud by falsely denying on application forms and to physicians who evaluated and treated her that she had any significant medical history, when in fact she had incurred injuries in numerous motor vehicle accidents prior to her employment with the United States Post Office.

This Indictment was returned on January 29, 2014.  Defendant contends that the charges included in the indictment are all subject to a five-year statute of limitations.  18 U.S.C. §3282(a).

Count One of the Indictment charges Ms. Lee with having committed specific acts of misconduct "[b]eginning from at least on or about June 19, 2003, and continuing to until on or about January 24, 2014." (Count One, Para. 10).   It specifically alleges as parts of the scheme to defraud that she

- on October 23, 2002, falsely answered questions about her medical condition in connection with her application for employment with the United States Post Office;
- on June 19, 2003, falsely answered certain questions relating to her medical history in her application for employment with the United States Postal Service (Count One, Para. 11);
- submitted on May 17, 2007, a fraudulent claim for workers' compensation payments, pursuant to the Federal Employees' Compensation Act ("FECA") for injuries she alleged she sustained while employed by the Postal Service (Count One, Para 3);
- submitted on February 24, 2008, a fraudulent claim for workers' compensation payments, pursuant to FECA for injuries she alleged she sustained while employed

by the Postal Service (Count 1, Para. 4);

- received fraudulently obtained benefits from approximately July 2, 2007, through January 24, 2014 (Count One, Para. 9);

- "caus[ed] interstate wire transfers of federal moneys . . . to her personal bank account" during the period from May 17, 2007, until January 24, 2014;

- "failed to disclose to medical professionals charged with evaluating her injury . . . that [she] had a prior medical history" that was germane to her claims (Count One, Para. 12). The indictment does not specify the dates on which these alleged failures to disclose were committed, but it appears from discovery[1] that those dates included May 17, 2007, February 2, 2008, June 10, 2008, August 25, 2008, and other dates.

- "lied and made material false statements on government forms for FECA benefits" (Count One, Para. 13). The indictment does not specify the dates on which these alleged false statements were made, but it may be inferred that they were roughly contemporaneous with the filings of the workers' compensation claims on May 17, 2007, February 24, 2008, and on other dates. See Defendant's Exhibit 2 on this Motion.

## II.   ARGUMENT

The applicable statute of limitations in this case forecloses prosecution of conduct committed prior to January 29, 2009.[2] The statute of limitations sets a temporal limit on the

---

[1] See "Collette S. Lee Timeline," a government-prepared chart provided in discovery.

[2] 18 U.S.C. § 3282(a) provides: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed.."

government's power to indict a person for criminal conduct, requiring that the government initiate a prosecution within a certain period of time after a crime is completed. The limitations period is designed to encourage the government to investigate criminal activity in a timely manner, bar prosecution of old crimes against which it would be difficult to mount a defense, and allow for repose after a certain period of time. The statute of limitations period begins to run when a crime has been committed. A crime has been "committed" when "every element of the crime has been accomplished." *United States v. Walsh*, 928 F.2d 7, 11 (1st Cir. 1991).

The government may contend that the pre-January 29, 2009, conduct alleged in Count One is not subject to dismissal on the theory that federal wire fraud is a "continuing offense" that comes within the narrow exception identified by the Supreme Court in *Toussie v. United States*, 397 U.S. 112 (1970). That theory is untenable.

In *Toussie*, the Court identified a class of crimes – referred to as "continuing offenses" – that "continue" to be committed after the elements of the crime are complete and for which prosecution is not barred under the standard statute of limitations. The defendant in *Toussie* turned eighteen in 1959 and failed to register for the draft as required by law. The statute of limitations for failing to register is five years. *Id*. at 114. The government indicted defendant for this crime in 1967, arguing that failure to register could be prosecuted after the five-year limitations period because this crime continued to be committed so long as defendant was not registered. *Id.* at 114.

The Court identified two ways in which a particular offense might be regarded as "continuing" for limitations purposes: (1) offenses in which the "explicit language of the substantive criminal statute" states that the offense is "continuing" or (2) offenses which by their nature is such that Congress "must have assuredly intended" that the offense be a continuing offense. *Id.* at 115. The Court emphasized that this doctrine only applies to a slim band of crimes

because "criminal limitations statutes are 'to be liberally interpreted in favor of repose.'" *Id*. at 115 (citations and quotations omitted).

The *Toussie* Court concluded that failure to register for the draft was not a continuing offense under either prong of the test. Failure to register was not a continuing offense under the first prong because Congress had not specifically stated so in the statutory language. Nor was the nature of the conduct that had been criminalized "continuous" under the second prong of the analysis. The Court's analysis focused on the nature of the conduct criminalized in the statute rather than on defendant's underlying actions. The criminal act at issue in *Toussie* was the failure to sign up for the draft – an "instantaneous event[]" with a clear beginning and end. *Id.* at 122. The Court concluded that draft dodging, by its nature, was "committed" for purposes of the statute of limitations when defendant originally failed to register at age eighteen.

Numerous courts have applied the two-part *Toussie* test to determine whether particular offenses are "continuing" and thus may be prosecuted beyond the standard statute of limitations period. Application of the first prong is straightforward: for a court to conclude that an offense is "continuous" based on the statutory text, the statute must contain clear language indicating that the offense is continuing.[3] The statute under which Ms. Lee is charged, 18 U.S.C. § 1343, plainly contains no language suggesting that the offense is continuing.

Most cases applying *Toussie* have focused on the second prong: whether the nature of the crime is such that Congress "must have assuredly intended" that it be a continuing offense. In *United States v. Bailey*, 444 U.S. 394 (1980) the Court revisited the issue and concluded that

---

[3] *See, e.g., United States v. Stein*, 233 F.3d 6, 18-19 (1st Cir. 2000) (concluding that offense is continuous because bankruptcy concealment statute specifies that "concealment of assets of a debtor in a case under Title 11 shall be deemed to be a continuing offense").

escape from confinement was a continuing offense due to the ongoing threat to public safety posed by the offense. In *Bailey*, defendants were apprehended several months after absconding from a federal prison and charged with escape. *Id*. at 396-97. The Court focused on the "continuous threat" to public safety posed by the escapees, noting that the statute criminalized an act – escape from prison – that presented an ongoing danger to the public so long as the inmate had not been caught. *Id*. at 413. Because this danger did not cease so long as an inmate was at large, the offense was not "completed" for purposes of the statute of limitations until the inmate was recaptured. *Id*.

In *United States v. Mubayyid*, 567 F. Supp. 2d 223, 240 n. 33 (D. Mass 2008), the Court concluded that concealing material information from the government was not a continuing offense under the second prong of *Toussie*. 567 F. Supp. 2d 223 (D. Mass. 2008). In *Mubayyid*, the defendant was charged with concealing material information by "trick, scheme, or device" from the Internal Revenue Service. *Id.* at 237. As a result of the concealment, defendant's charity received years of favorable tax treatment. *Id*. at 241. The court concluded that the criminal conduct at issue – concealment of information from the government – was a discrete act that was "committed" for purposes of the statute of limitations period as soon as defendant completed the act of concealment. *Id*. at 241-42. Each affirmative act of concealment made by defendant was an independent violation and triggered a new five-year limitations period. *Id.* at 242.

Importantly, the *Mubayyid* court rejected the government's argument that the fact that defendant received a continuing benefit from each act of concealment rendered the offense "continuing." The court observed that *Toussie* focused on the nature of the conduct that was criminalized, not the benefit received from the criminal act. *Id*. at 241-42. The fact that defendant continued to receive tax benefits long after his affirmative acts of concealment had occurred did

not alter the discrete nature of the conduct criminalized by the statute. Id.

Importantly for our purposes, the *Mubayyid* court noted the substantial weight of authority that fraud-type offenses – including the federal mail fraud and wire fraud statutes – should not be regarded as continuing offenses, even though they may produce benefits to the perpetrator after the crime has been committed,.

> At least two courts have held that § 1001 does not create a "continuing offense" for statute of limitations purposes. *See Dunne*, 324 F.3d at 1164–66; *United States v. Gremillion–Stovall,* 397 F.Supp.2d 798, 801–02 (M.D.La.2005); *see also United States v. Grenier*, 513 F.3d 632, 639 (6th Cir.2008) (noting that government had conceded that § 1001 was not a continuing offense).Similarly, other courts have concluded that the mail fraud statute, 18 U.S.C. § 1341, the wire fraud statute, 18 U.S.C. § 1343, and the Major Fraud Act, 18 U.S.C. § 1031(a), all of which use the word "scheme," are not continuing offenses for statute of limitations purposes. *See, e.g., United States v. Barger*, 178 F.3d 844, 847 (7th Cir.1999) (mail fraud); *United States v. St. Gelais*, 952 F.2d 90, 96–97 (5th Cir.1992) (wire fraud); *United States v. Reitmeyer,* 356 F.3d 1313, 1321–25 (10th Cir.2004) (Major Fraud Act).

*Id*. at 241-42.

The holding of the Court in *United States v. Smith*, 373 F.3d 561 (4th Cir. 2007), is not to the contrary. Smith was an embezzlement case, prosecuted under 18 U.S.C. § 641. A majority of the Fourth Circuit agreed that some embezzlement cases might – depending on their facts – be regarded as a continuing offense for limitations purposes. There is no indication that that reasoning would extend to the federal wire fraud statute.

### III.  Conclusion

The specific acts alleged in Count One of the Indictment which occurred more than five years before commencement of this prosecution should not be the subject of a prosecution, conviction, or sentencing of Ms. Lee. To allow the government to dredge up events which occurred more than a decade ago should not be permitted. The Defense respectfully moves for the

order of this Court dismissing and striking all allegations contained in Count One alleging conduct prior to the five-year limitations period, including but not limited to

- the defendant's submission of false information on applications forms in 2002 and 2003;
- workers' compensation claims in 2007 and 2008;
- her receipt of benefits prior to January 29, 2009;
- transfers of money effected by her prior to January 29, 2009;
- failing to disclose her medical condition to physicians and others.

Substantive evidence of misconduct prior to January 29, 2009, should be barred at trial. In the event of a conviction on one or more counts, alleged conduct prior to January 29, 2009, should not be considered relevant conduct under USSG § 1B1.3.

Defendant acknowledges that Counts Two through Eight of the Indictment charge conduct that is within the statute of limitations and is not subject to dismissal. Some of the conduct alleged in Count One is also within the limitations period.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
Gary Christopher, #24215
First Assistant Federal Defender
Tower II, Ninth Floor
l00 S. Charles Street
Baltimore, Maryland 21201
(410) 962-3962 (p)
(410) 962-0872 (f)
Email: gary_christopher@fd.org

<u>REQUEST FOR HEARING</u>

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's motion.

/s/
GARY W. CHRISTOPHER
First Assistant Federal Defender